IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SCHERING-PLOUGH HEALTHCARE PRODUCTS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. No. 09-268-SLR |
| NEUTROGENA CORPORATION, | ) ) ) | |
| Defendant. | ) | |

Sheldon K. Rennie, Esquire of Fox Rothchild LLP, Wilmington, Delaware. Counsel for Plaintiff. Of Counsel: Ronald J. Shaffer, Esquire, Scott L. Vernick, Esquire, Michael Eidel, Esquire and Amy C. Purcell, Esquire of Fox Rothschild LLP, Philadelphia, Pennsylvania.

Steven J. Balick, Esquire and Tiffany Geyer Lydon, Esquire, of Ashby & Geddes, Wilmington, Delaware. Counsel for Defendant. Of Counsel: Harold P. Weinberger, Esquire, Jonathan M. Wagner, Esquire and Jeremy A. Cohen, Esquire of Kramer Levin Naftalis & Frankel LLP, New York, New York.

**OPINION**

Dated: March 15, 2010
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Schering-Plough HealthCare Products, Inc. ("plaintiff") filed this action against Neutrogena Corporation ("defendant") on April 21, 2009. (D.I. 1) Both parties are manufacturers of sunscreen products: plaintiff manufactures Coppertone®-branded sunscreens; and defendant manufactures Neutrogena®-branded sunscreens. Plaintiff alleges that defendant has released multiple advertisements containing false and misleading statements in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and the Delaware Deceptive Trade Practices Act ("DTPA"), 6 Del. C. § 2532 (2009). (D.I. 5) Defendant counterclaims that plaintiff has released similar print advertisements and television commercials containing false and misleading claims in violation of the Lanham Act and the DTPA. (D.I. 33) On August 5, 2009, the court denied plaintiff's motion for a preliminary injunction. (D.I. 4; D.I. 53) Defendant also moved for a preliminary injunction, but elected not to pursue it in favor of a prompt trial on the merits. (D.I. 38; D.I. 70) A bench trial was held between January 4 and 7, 2010. The court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 and 1367. Having considered the documentary evidence and testimony, the court makes the following findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52(a).

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Sunscreen Technology

1. The damaging effects of the sun to the skin are caused by ultraviolet ("UV") rays. UV rays are categorized in one of two ways: ultraviolet A ("UVA") rays that occur between the wavelengths of 320 to 400 nanometers; and ultraviolet B ("UVB") rays that occur between the wavelengths of 290 to 320 nanometers. UVB rays have been shown

to cause skin cancer, while UVA rays contribute to skin damage (such as wrinkling and pigmentation) and can trigger the carcinogenic effects of UVB rays.

2. Different sun protection factors ("SPF(s)") are used to quantify a sunscreen's ability to protect against sunburn. While the SPF of a sunscreen undisputably characterizes its ability to protect against UVB rays, the parties disagree as to whether a sunscreen's ability to protect against UVA rays is also subsumed within the SPF measurement. Another measurement, protection factor A ("PFA"), can be used to quantify a sunscreen's protection against UVA rays.

### B. Parties and Products at Issue

3. Plaintiff owns and manufactures the Coppertone® brand of sunscreens including the Coppertone Sport® line which was first introduced in 1992. Defendant manufactures and markets sunscreen products including the Neutrogena Ultimate Sport® line that was first introduced in late 2008. Defendant began advertising its Ultimate Sport® line in March and April 2009.

4. Coppertone Sport® and Neutrogena Ultimate Sport® both come in cans, as compared to bottles; the products utilize different methods of dispersion. Neutrogena® employs isobutane, a chemical propellant, to release the sunscreen from its aerosol cans. The isobutane mixes with the sunscreen inside the can, and takes up at least 28% of the can's weight. (D.I. 105 at 504:21-22) Both sunscreen and isobutane are simultaneously expelled from the can when the can's actuator is depressed; isobutane evaporates when exposed to the atmosphere. (D.I. 105 at 548:4-14)

5. Coppertone® products use a "bag on valve" system whereby the sunblock is expelled by compressed ethanol. (D.I. 105 at 528:10-529:20) A bag inside the can

contains the entire sunscreen formulation; compressed gas provides the propulsive force required to release the sunscreen. (*Id.*; D.I. 103 at 74:8-19) There is no mixing of product and gas inside the can.[1]

6. Sunscreen products must be photostable to achieve desired protection.[2] One of the most effective chemicals in blocking UVA rays is avobenzone,[3] which is not photostable. To achieve photostability of avobenzone within defendant's sunscreen products, defendant has patented a formulation of avobenzone with diethylhexyl 2,6-naphthalate and oxybenzone, and has given it the proprietary name "Helioplex®." Plaintiff's sunscreen products protect skin from both UVA and UVB rays and are photostable without using Helioplex®.

**C. Contested Advertisements**

**1. Defendant's "Best line" advertisement**

7. Plaintiff seeks to enjoin a Neutrogena Ultimate Sport® sunscreen advertisement which bases a superiority claim on an "average" combined SPF and UVA score across the entire line of defendant's sport sunscreen products.

8. During the 2009 sunscreen season, defendant ran a print advertisement claiming that Neutrogena Ultimate Sport® is the "Best line sport sun protection"

---

[1] The parties seem to agree that some amount of propellant comes into contact with the skin. Plaintiff does not claim otherwise in its advertisements.

[2] Photostability "is the capacity of a sun protection product to sustain UV protection during exposure to sunlight; [s]unscreen products that are photostable inhibit the breakdown of the product's sun protection ingredients when exposed to sunlight for prolonged periods of time." (D.I. 5, Agin Decl. ¶¶ 25-26)

[3] 1-(4-methoxyphenyl)-3-(4-tert-butylphenyl)propane-1,3-dione; chemical formula $C_{20}H_{22}O_3$.

(hereinafter, the "Best line ad"). (PTX-2) The Best line ad contains the following bar graph.



(PTX-2) Below the title "Helioplex® [-] The Technology behind superior UVA/UVB protection" appears a side-by-side comparison of combined "UVA" and "SPF" protection for Neutrogena Ultimate Sport® and Coppertone Sport® sunblocks. Beside the chart appears the statement, "Best average UVA/UVB protection vs. leading sport lines."

9. Plaintiff asserts that the Best line ad violates the Lanham Act for several reasons: (1) the ad claims the "highest combined UVA/UVB protection across the entire Neutrogena Ultimate Sport® line" (*id.*), but "fails to disclose the vastly different ranges of products in the Coppertone versus Neutrogena sport sunscreen lines included in th[at] 'average'" (e.g., SPF 15 to 70+ (plaintiff) versus SPF 55 to 70+ (defendant)); (2) defendant "double counts" the UVA element (which is already measured in the PFA test); and (3) PFA testing is not "scientifically sufficient" to support the "best line of sun protection" claim because defendant's evidence of PFA testing is "incomplete and rigid." (D.I. 94 at 1)

## 2. Plaintiff's commercial advertisement

4